IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | | |
|---|---|---|
| **CHRISTINA TRAUDT,** | § § | |
| Plaintiff, | § § | Civil Action No.: |
| v. | § § | _____ |
| **DATA RECOGNITION CORPORATION,** | § § § § | |
| Defendant. | § | **JURY TRIAL DEMANDED** |

_____

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Christina Traudt ("Plaintiff" or "Traudt"), former employee of Defendant Data Recognition Corporation ("Defendant" or "DRC"), and for causes of action respectfully shows the Court as follows:

### I.

### Introduction

1.01   Plaintiff Christina Traudt brings this action to recover for wrongful termination, gender discrimination, retaliation and violation of the Equal Pay Act.

### II.

### THE PARTIES

2.01   During all times mentioned in this Complaint, Plaintiff Traudt was and is still a citizen and resident of the United States residing in Texas, who may be contacted through her counsel of record.

**Plaintiff's Original Complaint**

2.02   During all times mentioned in the Complaint, Defendant Data Recognition Corporation ("Defendant" or "DRC"), was and is a foreign company registered with the Texas Secretary of State. Such defendant has done business in the State of Texas by virtue of marketing its products within the State of Texas, and hiring Plaintiff to work within this state. According to state records, DRC maintains its principal place of business at 13490 Bass Lake Road, Maple Grove, MN 55311, and may be served through its registered agent for service of process, C T Corporation, 1999 Bryan St., Suite 900, Dallas, TX 75201-3136.

### III.

### JURISDICTION AND VENUE

3.01   Pursuant to 28 U.S.C. § 1331, jurisdiction is appropriate in the United States District Court for the Northern District of Texas, as this action involves a question of the application of federal law, including the FLSA, and Title VII.

3.02   Venue for all causes of action stated herein lies in the Northern District of Texas because the acts alleged in this Complaint took place, in whole or in part, within the boundaries of this District, pursuant to 28 U.S.C. §1391. Further, venue for all causes of action stated herein lies in the Northern District of Texas because Title VII includes a specific venue provision that states in relevant part:

> Each United States District Court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment action....

42 U.S.C. §2000e-5(f)(3)(emphasis added).  Since all or part of the events complained of herein occurred within the State of Texas, venue is proper in the Northern District of Texas.

**Original Complaint – Page 2**

## IV.

## **FACTUAL ALLEGATIONS**

4.01    Plaintiff began working for Data Recognition Corporation (DRC) in January 2018. She was hired as an assessment solution representative assuming the responsibilities of planning, developing, and implementing strategic sales in her assigned five state territory.

4.02    DRC provides education assessment, survey, and document services in coordination with software development, custom reporting solutions, and data warehousing. It tells its sales force they will be paid through a base salary plus a commission-like incentive plan, but indicates in the fine print that no contractual rights attach to the plan.

4.03    During her tenure as a solution representative, Plaintiff excelled by performing well above standard expectations. She had a good working relationship with her colleagues. In April of 2019, her numbers were superb and her position was renewed. She exceeded her quota in 2018, and then more than doubled her quota in 2019 with sales exceeding $3.625 Million. Under the compensation plan, she should have been paid approximately $165,000 in commissions in November 2019.  Male employees were paid according to the published commission structure.

4.04    Unfortunately, Plainiff's "commission" was arbitrarily reduced to $15,000.  She complained about the reduction to her boss because everyone else was being paid, but was told to "leave it alone for now or you won't have a job." Her boss left open that the rest might be paid in the future. Plaintiff had commissions due in the Spring of 2020, but received a letter indicating that the commissions were being deferred due to Covid.

4.05    In July of 2020, Plaintiff's position was terminated abruptly due to "corporate layoffs." Allegedly this was due to Covid-19.  The commission incentive plan indicates that

**Original Complaint – Page 3**

commissions will be paid if a representative is let go for reasons other than "for cause". Despite her eligibility, the company refused to pay pro rata commissions for 2020 following the layoff, or the past due commissions.

    4.06    After discussion with two fellow employees, Plaintiff learned that plan compensation appeared to be contingent upon race and sex: as her fellow white, male colleagues who had held identical positions – with lower reported sales figures – were not fired and were compensated according to the plan determination agreement. Ryan Nelson (2019 sales of $927,030), Robert Lagrassa (2019 sales of $1,346,206) and Jon Weiss (2019 sales of $2,042,463), white males in their forties, were not terminated in the corporate layoff in July of 2020. In accordance with corporate policy, these men received full commissions under the plan. In contrast, Plaintiff is a female of similar age who was denied such full commission payment. In addition, Gina Davis (2019 sales of $3,384,983), a Latina female of approximately forty-five years of age faced a similar circumstance to that of Plaintiff – she was shortchanged of commissions earned through the year and she was also let go. Because Plaintiff and Gina Davis landed a multi-year deal with the Texas Education Agency Division, their sales were expected to be in the same ballpark for an additional four years to come, with the possibility of renewal.

    4.07    Notably, John Weiss greatly exceeded his quota in 2019 under the plan, but he was actually paid the commission due under the plan formula including payment on a multi-year contract in West Virginia. Thus, Plaintiff believes the company's refusal to honor the incentive plan schedule for her and Gina Davis was due to gender discrimination.

## V.

## Count One

## <u>VIOLATION OF THE EQUAL PAY ACT</u>

5.01   Plaintiff reasserts, re-alleges, and incorporates herein the allegations set above.

5.02   At all times relevant herein Defendant was subject to the FLSA because Defendant is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 202(a).

5.03   Pursuant to the Equal Pay Act of 1963, 29 U.S.C. § 206(d)(1), Defendant was required to pay Plaintiff comparably to male employees in the same job position.

5.04   At all times relevant herein, Plaintiff was engaged in commerce or employed in an enterprise engaged in commerce within the meaning of 29 U.S.C.§ 207(a)(l).

5.05   Defendant paid lower producing male employees more money in commissions for the same job position.  Further, Defendant harassed and ultimately fired Plaintiff in retaliation for her complaints. Defendant's actions were taken with malice and with reckless indifference to Plaintiff's protected rights.

5.06   Plaintiff should have been paid a wage including commissions equal to that of the male employees who performed equal work to the work she performed.  Likewise, it was illegal to terminate her in retaliation for her complaints of unequal pay.  Accordingly, Plaintiff is entitled to recover damages from Defendant for back pay, front pay, and other future pecuniary losses.  Further, the above-listed actions were taken by Defendant with malice or with reckless indifference to Plaintiff's statutorily protected rights.  Plaintiff is therefore also entitled to recover punitive damages. Plaintiff also seeks to recover her attorneys' fees, costs of court, pre and post judgment interest, and all other relief to which she may be entitled.

## VI.

## **Gender Discrimination**

(Contingent upon issuance of right to sue letter)

6.01     The foregoing paragraphs of this Petition are incorporated in this count by reference as if set forth at length herein.

6.02     Defendant employs at least fifteen (15) employees and is an employer within the meaning of Title VII.

6.03     Plaintiff timely filed her charge of discrimination on or about January 7, 2021 jointly with the EEOC and/or the Texas Workforce Commission Civil Rights Division within three hundred days of her termination. All conditions precedent to filing this action for discrimination under Title VII will have been met upon receipt of a Notice of Right to Sue from the EEOC, which has been requested and is due as of right since more than 180 days have lapsed since the filing of the Charge. Plaintiff's claims under the Texas Labor Code are mature because more than 180 days have passed since the filing of the Charge of discrimination.

6.04     The Defendant has violated Title VII and/or the Texas Human Rights Act, Texas Labor Code §21.001 *et seq.* by discharging Plaintiff and/or discriminating against Plaintiff in connection with the compensation, terms, conditions or privileges of employment because of Plaintiff's gender.  Defendant has engaged in a continuous course of conduct of discrimination against Plaintiff because of her gender.

6.05     Such discrimination against Plaintiff was intentional.  Accordingly, Plaintiff is entitled to recover damages for back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Further, this discrimination was done by Defendant with malice or with reckless indifference to Plaintiff's state-

**Original Complaint – Page 6**

protected rights.  Plaintiff is therefore also entitled to punitive damages in a sum which is in excess of the minimum jurisdictional limit of this court.  Plaintiff is also entitled to recover all costs of court, attorney's fees and expert fees as allowed by Title VII and/or Texas Labor Code §21.259.

## VIII.

## Jury Demand

8.01   Plaintiff demand trial by jury for all claims to which she is entitled.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final trial, Plaintiff have and recover the following relief against Defendant:

(1) Judgment for actual damages in the amount of past and future lost earnings and benefits, damages to past and future earnings capacity, and past and future medical expenses;

(2) Judgment for past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses;

(3) Exemplary damages in an amount to be determined by the trier of fact;

(4) An award of liquidated and/or statutory damages in an amount equal to all lost wages, salary, employment benefits and privileges, and other compensation lost as a result of Defendant's wrongful conduct in the amount proven at trial;

(5) An order by the Court reinstating Plaintiff as an employee of the Defendant in a similar position with similar pay and benefits to that from which she was wrongfully terminated, or, in the alternative, future pay in an amount to be determined by the Court;

(6) Prejudgment and post-judgment interest at the maximum legal rate;

(7) Attorney's fees;

(8) Expert's fees;

(9) All costs of court; and

(10) Such other and further relief to which Plaintiff may be justly entitled.

DATE: November 1, 2021.

          Respectfully submitted,

          **KILGORE & KILGORE, PLLC**

          By: /s/ John H. Crouch, IV
             JOHN H. CROUCH, IV
             State Bar No. 00783906
             jhc@kilgorelaw.com

          3109 Carlisle, Suite 200
          Dallas, TX 75204
          (214) 379-0811 - Telephone
          (214) 953-0133 - Fax

          **ATTORNEYS FOR PLAINTIFF**
          **CHRISTINA TRAUDT**