IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTINA TRAUDT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:21-cv-02703-M |
| | § | |
| DATA RECOGNITION CORP., | § | |
| | § | |
| Defendant. | § | |

### **FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Data Recognition Corp.'s Motion for Attorneys' Fees (ECF No. 46). The District Judge referred this matter to the United States Magistrate Judge for a recommendation or determination. *See* Order (ECF No. 54). Data Recognition seeks attorneys' fees as the prevailing party in this matter pursuant to Federal Rule of Civil Procedure 54(d)(2) and Title VII. For the following reasons, the Court should **DENY** the Motion for Attorneys' Fees.

### **Background**

This case arises out of Plaintiff Christina Traudt's allegations that her employer, Data Recognition, discriminated against her on the basis of gender in violation of the Equal Pay Act and Title VII by withholding her commission, retaliating against her, and ultimately wrongfully terminating her. *See* Compl. (ECF No. 1). The parties engaged in mediation, which was unsuccessful (ECF No. 29). After several months of discovery, Data Recognition filed a Motion for

1

Summary Judgment (ECF Nos. 26–27), to which Traudt filed a response in opposition (ECF Nos. 33–35) and Data Recognition filed a reply in support (ECF No. 38). After conducting an in-person hearing on the Motion, the Court issued a Memorandum Opinion and Order granting summary judgment for Data Recognition on May 2, 2023. *See* Summ. J. Order (ECF No. 42). Shortly after the final judgment issued, Data Recognition filed this Motion for Attorneys' Fees (ECF No. 46-1) seeking fees under Rule 54(d)(2) and Title VII. The Motion is now ripe for determination.

## Legal Standard

In any action brought under Title VII, the Court, in its discretion, may allow the prevailing party to recover its reasonable attorneys' fees. 42 U.S.C. § 2000e-5(k). In the case of a prevailing defendant in a Title VII action, a district court may award attorneys' fees "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christianburg Garment Co v. E.E.O.C.*, 434 U.S. 412, 421 (1978). In making this assessment, the district court must "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id.* at 421–22. The court must focus on the question of "whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Jones v. Texas Tech Uni.*, 656 F.2d

2

1137, 1145 (5th Cir. 1981). The stringent standard applied to defendants is "intended to ensure that plaintiffs with uncertain but arguably meritorious claims are not altogether deterred from initiating litigation by the threat of incurring onerous legal fees should their claims fail." *Thomas v. Cook Children's Health Care Sys.*, 2023 WL 2795853, at *2 (N.D. Tex. March 13, 2023) (Ray, M.J.), report and recommendation adopted, 2023 WL 2799717 (N.D. Tex. Apr. 5, 2023).

## Analysis

Data Recognition argues it is entitled to attorneys' fees because Traudt's claim was frivolous and brought in bad faith. Specifically, it argues that Traudt's claim was frivolous because she "attempted to argue, in a gender discrimination case, that *another female* was paid better than her." Def.'s Mot. 5 (ECF No. 46-1) (emphasis in original). According to Data Recognition, Traudt knew or should have known her claims lacked merit because she had no evidence to support various elements of her Title VII gender discrimination claims. *See id.* (ECF No. 46-1). Data Recognition further argues that Traudt brought her lawsuit in bad faith, as evidenced by her "scandalous, impertinent, and unsupported allegations of an alleged romantic affair between David Seitter and Nina Trigger," two of Traudt's former colleagues at Data Recognition. *Id.* at 6 (ECF No. 46-1).

In response to the arguments that her lawsuit was frivolous because she provided no evidence to support her gender discrimination claims, Traudt points to various pieces of evidence she believes supported those claims, including

3

evidence that showed herself and another woman with better sales figures than male employees who were not laid off, and evidence that Data Recognition advertised to hire a new person to replace Traudt within weeks after she was terminated. *See* Pl.'s Resp. 2, 4 (ECF No. 48). Traudt also points to evidence that she argues supports her good faith belief that a rumored affair between David Seitter and Nina Trigger could have been a possible reason for her lack of compensation. *See id.* at 11–12 (ECF No. 48).

Based on a review of the merits of Traudt's case, the Court should find that her lawsuit was not so frivolous or unreasonable as to warrant an award of attorneys' fees to Data Recognition. That a party failed to establish a prima facie case does not automatically render a lawsuit meritless. *See Thomas*, 2023 WL 2795853, at *5 ("[F]ailing to establish a prima facie case in a Title VII suit does not necessarily mean that the claims were without foundation."); *see also Adam v. Dickinson Place Charitable Corp.*, 1997 WL 148020, at *1 (N.D. Tex. March 21, 1997) (Fitzwater, J.). Indeed, the Court ultimately rejected Traudt's arguments against summary judgment, but it did so after holding oral argument and in a well-reasoned opinion that carefully evaluated the parties' briefing and disposed of the various pieces of evidence Traudt presented in support of her claims. *See* Summ. J. Order (ECF No. 42); *Jones*, 656 F.2d 1137 ("[T]he fact that a plaintiff's claim received careful consideration by the district court may properly be taken into account in determining whether the claim was frivolous."). Traudt's claims may

4

not have been strong enough to survive summary judgment, but a weak claim is not necessarily a frivolous or unreasonable one. *Thomas*, 2023 WL 2795853, at *3. Traudt fully briefed her claims and provided some evidence in support of those claims. *See* Pl.'s Br. & App. in Opp. to Mot. for Summ. J. (ECF Nos. 34 & 35).

The Court should also find that Traudt's reference during the litigation to an alleged affair between two colleagues is not evidence of bad faith. Traudt provided a plausible reason why she believed that information may have been relevant to her claim—she wondered why commissions she thought were owed to her were allegedly diverted to another woman. *See* Pl.'s Resp. 11 (ECF No. 48). Traudt's conduct does not indicate an "improper motive or reckless disregard of the duty owed to the Court," as required for a finding that a litigant acted in bad faith. *Edwards v. Gen. Motors Corp.* 153 F.3d 242, 246 (5th Cir. 1998).

Because Traudt's claims, though unsuccessful, were not frivolous, unreasonable, or brought in bad faith, the Court should conclude that Data Recognition is not entitled to attorneys' fees under Title VII. Because the Court should conclude that Data Recognition is not entitled to fees, it should pretermit any consideration of whether the fees requested by Data Recognition are reasonable.

### Recommendation

The Court should **DENY** Data Recognition's Motion for Attorney Fees.

5

**SO RECOMMENDED.**

September 20, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved part from appealing the factual findings and legal conclusion of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United States Automobile Ass'n.* 79 F.3d 1415, 1417 (5th Cir. 1996).